MADDOX, Justice.
The issue in this case is whether the trial court erred by refusing to admit testimony concerning the custom and practice regarding the speed observed on the street in question. We hold that the trial court did not err in refusing such testimony.
On October 20,1988, at around 3:30 p.m., Johnnie Mae Jordan was injured by an automobile driven by Ben Bogan on Finley Boulevard in Birmingham, Alabama. She was attempting to cross the six-lane street with her sister, Carla Jordan, when she was hit by Bogan’s automobile. She died several days later.
Johnnie Mae’s mother, Vera Jordan, sued Bogan, alleging the wrongful death of her daughter. The jury found in favor of Bo-gan, and Vera appeals.
The parties agreed that, while there was a school crosswalk nearby, the girls crossed in the middle of the street and that Bogan was traveling within the posted speed limit of 50 miles per hour. However, there is conflicting testimony concerning the events of the accident. Carla Jordan testified that the girls were standing in the middle of the road upon a median when Bogan’s car jumped the median and hit Johnnie Mae Jordan. However, Bogan testified that the girls were in the process of crossing the street and that he hit the median in an attempt to avoid hitting them, but that, despite his efforts, Johnnie Mae walked into the front side of the car.
During the trial, Vera tried, unsuccessfully, to admit the testimony of Marilyn Salter. Vera claimed that Salter would testify that the custom and practice of drivers traveling on Finley Boulevard, between 3:00 and 3:30 p.m., was to travel around 25 miles per hour. Vera argues that this testimony was admissible as evidence of “custom and practice,” as presented in McEl-roy’s Alabama Evidence, § 84.01(4) (4th ed. 1991):
“Proof of the customs of others may be made only if the evidence warrants a finding of substantial similarity of circumstances between the actions of such other and the conduct of the party in the present litigation.”
In order for this testimony to be admissible, the custom must be observed under “substantially similar circumstances.” Upon careful review of the record, it is evident that Vera offered no proof concerning the similarity of circumstances of the day of the accident to those of any other day. Salter’s testimony is predicated on a nearby school letting out around 3:00 p.m. and there being a yellow caution light flashing. There was no evidence that school was even in session on the day of the accident, and the only evidence that the yellow lights were flashing that day was a stipulation by the parties that city business records indicated that the lights had been *106 working several weeks before and several weeks after the accident.
Not only did the record reflect a lack of similarity of circumstances, but it showed that Salter would not testify that the custom and usage was to drive 25 miles per hour. Salter testified on voir dire that she did not know how fast other cars travelled the road and that she recalled that many trucks had traveled at least as fast as 50 to 55 miles per hour. Therefore, we find the plaintiff’s argument completely without merit.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.